UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SEAN MICHAEL RYAN,

        Plaintiff,                   Case No. 1:14-cv-736

v.                                       Honorable Robert Holmes Bell

RICHARD GARLACH et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants MDOC, Corizon, Heyns, Warden Smith, RUM Smith, Huss, Haynes and Bunting. The Court will serve the complaint against Defendant Garlach.

**Discussion**

    I.        Factual allegations

Plaintiff Sean Michael Ryan presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF). He names the following as Defendants: MDOC; MDOC Director Daniel Heyns; Corizon Health Care (Corizon); ICF Warden William Smith (Warden Smith); ICF Deputy Warden Erica Huss; Richard Garlach M.D.; ICF Resident Unit Manager (Unknown) Smith (RUM Smith); ICF Assistant Resident Unit Supervisor (Unknown) Haynes; and ICF Nurse (Unknown) Bunting.

Plaintiff alleges that he has spinal injuries which require him to use a cane and a wheelchair, to receive in-cell meals and to receive a ground-floor housing assignment, all of which were specifically authorized by medical details. Plaintiff alleges that in violation of the Eighth Amendment and in retaliation for Plaintiff filing lawsuits, Defendant Garlach has refused to renew Plaintiff's medical details, removed Plaintiff's ground-floor housing accommodation and denied Plaintiff medical care. Plaintiff alleges that Defendant Garlach knew about Plaintiff's lawsuits because on April 4, 2014, Plaintiff started sending in medical "kites" which reflected the docketing number of his civil case. Since April 4, 2014, Plaintiff has submitted over 130 medical kites which included his civil case number. Additionally, Plaintiff alleges that Defendant Garlach knew about his lawsuits because Plaintiff was not even scheduled for a medical appointment until 17 days after the expiration of his existing medical details. Finally, Defendant Garlach did not examine Plaintiff before he refused to renew Plaintiff's medical details and before he took away Plaintiff's ground-floor housing detail, which had not even expired. Plaintiff alleges there was no legitimate reason for Defendant Garlach to take away his medical details and ground-floor housing accommodation.

On May 30, 2014, Plaintiff attempted to talk to Defendant Bunting about the removal of the medical details and ground-floor housing accommodation. Defendant Bunting explained that the medical details and ground-floor housing accommodation were removed because Plaintiff refused his medical appointment. When Defendant Bunting walked away, Plaintiff heard her say, "You shouldn't sue people." (Compl., docket #1, Page ID#6.) Plaintiff alleges that he did not refuse his medical appointment and, even if he had refused, the appointment was scheduled for 14 days after the details expired.

Plaintiff sought assistance from Defendants Haynes, RUM Smith, Huss, Warden Smith and Haynes. His requests for help were ignored.

Plaintiff seeks injunctive relief and monetary damages.

II.     <u>Immunity</u>

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-

1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

        III.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Corizon

With respect to Defendant Corizon, Plaintiff fails to set forth any factual allegations. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person or entity is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against

those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendant Corizon.

            B.      Eighth Amendment - Garlach

Plaintiff alleges that despite his spinal injuries which require him to use a cane and wheelchair, to receive in-cell meals and to receive ground-floor housing and despite having received medical details authorizing these accommodations, Defendant Garlach refused to renew his medical details, removed his ground-floor housing assignment and denied him medical care.

At this juncture, Plaintiff's allegations are sufficient to warrant service of the complaint on Defendant Garlach.

            C.      Eighth Amendment - Bunting

Plaintiff alleges that when he spoke to Defendant Bunting about his medical details, she explained that Plaintiff's medical details were removed because he refused a medical appointment. Additionally, as she was walking away from Plaintiff, Defendant Bunting stated, "You shouldn't sue people." (Compl., docket #1, Page ID#6.)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately

indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Even if Plaintiff had alleged sufficient facts to establish that Defendant Bunting was aware that he had a serious medical need, Plaintiff fails to establish that Defendant Bunting was deliberately indifferent to that need. Plaintiff merely alleges that he asked Defendant Bunting about

the removal of his medical details and that she explained to him what she knew about why they had been removed. Plaintiff does not explain how he came to communicate with Defendant Bunting or whether Defendant Bunting had anything to do with his medical details being removed or not being renewed. Moreover, Plaintiff does not allege that Defendant Bunting had any authority to remove or renew his medical details. Plaintiff simply fails to set forth any facts to suggest deliberate indifference by Defendant Bunting.

To the extent Plaintiff brings a claim against Defendant Bunting for failure to protect Plaintiff, the analysis is the same. An Eighth Amendment failure-to-protect claim has both an objective and subjective component. First, "to establish a constitutional violation based on failure to protect, a prison inmate . . . must show that the failure to protect from risk of harm is objectively 'sufficiently serious.'" *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). "The inmate must show that 'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Id.*

Second, "a plaintiff also must show that prison officials acted with [subjective] 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 834). A plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835. The subjective requirement is met only where a plaintiff demonstrates that prison officials acted with "deliberate indifference" to a substantial risk of harm. An official is deliberately indifferent where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no

cause for commendation, cannot . . . be condemned as the infliction of punishment." *Id*. at 838. In analyzing the subjective component, a district court should consider each defendant's state of mind individually, not collectively. *Bishop*, 636 F.3d at 767. Additionally, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishment Clause." *Id*. at 845.

Even if Plaintiff can establish that Defendant Bunting failed to protect him from a sufficiently serious harm - living without the accommodations authorized by his medical details - Plaintiff has not alleged facts to suggest that Defendant Bunting deliberately disregarded the risk of harm. Plaintiff offers no facts to suggest that Defendant Bunting's deliberate failure to act was the reason his medical details were removed or the reason that his medical details were not renewed.

Plaintiff fails to state an Eighth Amendment claim against Defendant Bunting.

D. Retaliation - Garlach

Plaintiff alleges that Defendant Garlach refused to renew his medical details, ground-floor housing accommodation and failed to provide him with medical care in retaliation for Plaintiff's filing lawsuits. Additionally, Plaintiff alleges that Defendant Garlach knew about Plaintiff's lawsuit because Plaintiff placed the civil case docketing number on his medical kites, because Plaintiff was not even scheduled for a medical appointment until 17 days after the expiration of his existing medical details and because Defendant Garlach did not examine Plaintiff before he refused to renew Plaintiff's medical details and took away Plaintiff's ground-floor housing detail.

At this juncture, Plaintiff's allegations are sufficient to warrant service of the complaint on Defendant Garlach.

### E. Retailiation - Bunting

Plaintiff alleges that when he asked Defendant Bunting why his medical details were removed, she responded that the details were removed because Plaintiff refused a medical appointment and that, as she walked away, she stated, "You shouldn't sue people." (Compl., docket #1, Page ID#6.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Temporal proximity may be "'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

With respect to Defendant Bunting, Plaintiff fails to allege facts to suggest that Defendant Bunting took any action, let alone adverse action, against Plaintiff as a result of his filing a lawsuit. Plaintiff alleges only that he and Defendant Bunting spoke about his medical details and that, as Defendant Bunting walked away he heard Defendant Bunting say that Plaintiff should not sue people. Plaintiff does not allege that Defendant Bunting took any action against him at all. Consequently, he fails to state a retaliation claim against Defendant Bunting.

E.    Supervisory Liability

Plaintiff alleges that Defendants Heyns, Warden Smith, RUM Smith, Huss and Haynes failed to "act on my notification of abuse." (Compl., docket #1, Page ID#6.) Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Heyns, Warden

Smith, RUM Smith, Huss and Haynes engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants MDOC, Corizon, Heyns, Warden Smith, RUM Smith, Huss, Haynes and Bunting will be dismissed on grounds of immunity and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Garlach.

An Order consistent with this Opinion will be entered.


Dated: September 17, 2014            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE