UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

      Plaintiff,

v.

ROGER GERLACH et al.,

      Defendants.

                                   /

File No. 1:14-cv-736

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

On August 17, 2015, Magistrate Judge Phillip J. Green issued a report and recommendation (R&R) that the Court should grant Defendant Gerlach's[1] motion for summary judgment. That same date, the magistrate judge entered an order dismissing Plaintiff's motion for summary judgment as untimely. This matter is before the Court on Plaintiff's objections to the R&R and objections to the dismissal of his motion for summary judgment. (ECF Nos. 43, 44.)

This Court reviews *de novo* any portion of the magistrate judge's disposition to which specific objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons herein, Plaintiff's objections will be overruled.

---

[1] Although Defendant's name is spelled "Garlach" in Plaintiff's complaint, the Court will use the spelling in Defendant's motions and in the record.

**Rule 56(d) Declaration**

Plaintiff asserts that the R&R failed to take into consideration the fact that he filed a declaration under Rule 56(d) of the Federal Rules of Civil Procedure, specifying reasons why he could not "present facts essential to justify [his] opposition" to Defendant's motion. *See* Fed. R. Civ. P. 56(d). Plaintiff contends that he cannot access his medical records because the Michigan Department of Corrections (MDOC) will not provide them unless he pays for them. (Pl.'s Resp. in Opp'n to Mot. for Summ. J., ECF No. 25; Pl.'s Decl., ECF No. 26.)

Although there is no indication that the R&R considered Plaintiff's Rule 56(d) declaration, any error in failing to do so is harmless. Under Rule 56(d), a party may oppose a motion for summary judgment by submitting an affidavit explaining why it cannot present facts essential to justify its opposition. The affidavit must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). When such an affidavit is filed, the Court may: (1) defer considering the motion for summary judgment or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). The Court has discretion to grant or deny a request for additional discovery. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

In response, Defendant argues that Plaintiff's request for additional discovery was not timely. In its case management order, the Court specifically directed that all discovery,

including requests for production of documents, be completed within 120 days of October 29, 2014. (*See* Standard Case Management Order, ECF No. 19.) Defendant asserts that Plaintiff never requested his medical records from him. Indeed, there is no record of any such a request, or of any motion from Plaintiff asking the Court to require Defendant to turn them over. Plaintiff cannot complain that he needs a meaningful opportunity for additional discovery to obtain his medical records when he was given such an opportunity and failed to take advantage it.[2]

Furthermore, the affidavit does not show that he lacks facts *essential* to his opposition. Plaintiff contends that his complete medical records would show that he was "previously diagnosed with . . . chronic [illegible] in left leg, post lamenectomy syndrome, para[illegible], hyper sensitivity, neuropathy, carpal tunnel, and adhesive cups[illegible] in shoulders and facet joint arthritis." (Pl.'s Decl., ECF No. 26.) But evidence of the foregoing would not create a genuine issue of material fact with respect to his Eighth Amendment claim. According to the undisputed evidence before the Court, Dr. Gerlach examined Plaintiff and observed, consistent with the observations of other staff and medical personnel, that Plaintiff appeared to be exaggerating both his inability to walk and his level of pain. His complaints were not supported by objectively identifiable medical evidence, and his behavior and responses to testing were suggestive of malingering. Defendant was aware of reports by other officers that Plaintiff had been seen walking or standing without difficulty, and without

---

[2]Plaintiff's allegedly futile attempt to obtain his records from the MDOC does not excuse him from attempting to obtain this information from Defendant through the discovery process.

any indication that he was in discomfort. In addition, Defendant was aware that Plaintiff had a history of attempting to manipulate prison officials in order to obtain better accommodations or medical care, a fact that was reinforced by Plaintiff's hunger strikes and his repeated refusals to be taken to the healthcare unit for an evaluation. This evidence amply demonstrates that Dr. Gerlach reasonably believed, based on his own observations and those of other prison officials at the time, that the accommodations and additional medication desired by Plaintiff were not warranted. Evidence of Plaintiff's prior diagnoses would not undermine Defendant's independent assessment of Plaintiff's need for care. It might suggest that Defendant's judgment was incorrect, but it would not show that Defendant had "a sufficiently culpable state of mind" in declining to provide the care desired by Plaintiff. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff also contends that his prison medical records "contradict [Defendant's] statements" (Pl.'s Decl., ECF No. 26), but this assertion is not sufficient to support a Rule 56(d) request.

> [A party seeking relief under Rule 56(d)] must identify the facts [the party] seeks to discover and that are essential to its opposition to the summary judgment motion. Specific facts sought must be identified. Mere speculation that there is some relevant evidence not yet discovered will never suffice.

11 Moore, et al., Moore's Federal Practice § 56.102[2] (2012); *see also CareToLive v. FDA*, 631 F.3d 336, 345 (6th Cir. 2011) (noting that a party "must at least specify what information it is missing"). Plaintiff's broad assertion does not point to any specific, relevant facts that

4

he hopes to discover in his medical records. Thus, any error in failing to consider Plaintiff's need for additional discovery to obtain his medical records was harmless.

### Evidence Offered by Plaintiff

Plaintiff also objects that the magistrate judge did not consider Plaintiff's pre-incarceration medical records, which were attached to his motion for summary judgment. As indicated below, however, this motion was properly dismissed as untimely. Moreover, Plaintiff does not indicate how these exhibits would create a genuine issue of fact. These records are from 2005 to 2009, long before the events at issue in the complaint. (*See* Exs. to Pl's Mot. for Summ. J., ECF Nos. 35-1 to 35-4, PageID ##353-555.) Defendant's decisions were based on his personal observations and those of other personnel at the time that Plaintiff allegedly needed care. Plaintiff's prior diagnoses or treatment do not show that Defendant was deliberately indifferent to Plaintiff's needs in 2014. Thus, any failure by the magistrate judge to consider this evidence was also harmless.

Next, Plaintiff asserts that the magistrate judge did not consider the facts asserted in Plaintiff's sworn declaration, which was attached to his response to Defendant's motion. (*See* Pl.'s Decl., ECF No. 26.) The declaration is not expressly mentioned in the R&R, but even if it was not considered, it does not create a genuine issue of material fact. In the declaration, Plaintiff asserts that he has "never done any exercises [or] walked more than 2-3 steps without [his] leg buckling[.]" (*Id.*) However, Defendant noted Plaintiff's unusual gait but doubted its validity in light of its "questionable etiology" and reports from other staff that

Plaintiff had been observed standing and walking without difficulty, or walking with an apparently exaggerated limp. (*See* Def.'s Decl. ¶¶ 33, 35, 47, 49, 50, 51, 58, ECF No. 20-2.) Plaintiff's disagreement with Defendant's observations and medical conclusions does not support a claim for deliberate indifference. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995).

Similarly, Plaintiff's assertions that he was placed in "handicap" housing after he was transferred to another prison, that he "never drop[p]ed to his knees when noticed [he] was observed," and that he "never exag[g]erated [his] symptoms" (Pl's Decl., ECF No. 26), might be relevant to show that Defendant made the wrong decision regarding Plaintiff's need for care, but they do not refute the evidence showing that Defendant reasonably believed that the care desired by Plaintiff was not warranted.

**Facts in Medical Record**

Plaintiff also takes issue with many of the facts that are contained in the medical records relied upon by Defendant, including the reports that Plaintiff could stand and walk around his cell and the fact that he has a history of substance abuse. Defendant was entitled to rely on the information in Plaintiff's medical record, however. Even if it was false, reliance on such information to assess Plaintiff's need for care does not constitute deliberate indifference.

**Legal Objections to Dismissal of Eighth Amendment Claim**

Plaintiff argues that Defendant's actions give rise to a claim because he "denied reasonable requests for medical treatment in the face of an obvious need for such attention where [Plaintiff was] thereby exposed to undue suffering or the threat of tangible residual injury," quoting *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). In addition, Plaintiff cites *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002) for the proposition that deliberate indifference can be established "when the need for treatment is obvious" and the care is "grossly inadequate." *Id.* at 843. Plaintiff's case is distiinguishable because he did not present an obvious need for care. Instead, the evidence available to Defendant indicated that Plaintiff's symptoms were not genuine.

Plaintiff also contends that deliberate indifference can be shown from grossly inadequate care and a decision to take a less efficacious course of treatment, citing *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (cited in *Terrance*, 286 F.3d at 843). *McElligott* is distinguishable, however, because the physician in that case was aware of facts from which to conclude that plaintiff needed additional care, such as the fact that the plaintiff was suffering from abdominal pain. *Id.* at 1256. In addition, the need for care was obvious in light of the plaintiff's deteriorating condition. *Id.* In contrast, Plaintiff has not offered evidence to show that his need for additional care was obvious, or that Defendant was subjectively aware of a serious need and deliberately disregarded it.

### Objections to Dismissal of Retaliation Claim

With respect to Plaintiff's retaliation claim, the magistrate judge determined that Defendant was not aware of Plaintiff's lawsuit and, thus, could not have retaliated against him for it. In his declaration, Plaintiff asserts that Defendant withheld medical care in response to Plaintiff's grievances. This assertion does not create a genuine issue of fact because it is wholly conclusory. Indeed, Plaintiff does not identify any grievances that he filed, in the complaint or elsewhere. *See Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989) (noting that "vague and conclusory allegations" in an affidavit do not create a genuine issue of material fact).

### Motions to Stay Proceedings

Plaintiff also contends that the Court ignored his motions to stay the proceedings, which were filed on April 8 and April 10, 2015; however, Plaintiff did not file any such motions in this action.

### Dismissal of Motion for Summary Judgment

Finally, Plaintiff objects to the dismissal of his motion for summary judgment as untimely. The magistrate dismissed the motion because it was not filed in accordance with the deadlines set forth in the case management order. Plaintiff asserts that he filed his motion less than a month after he received a response to his requests for admission; however, Court records indicate that the timing of the response to his request for admissions is due to his untimely request. The case management order required Plaintiff to submit all requests for

admissions by February 26, 2015 (120 days after the date of the order). Plaintiff served his request for admissions on Defendant in May 2015, long after the discovery deadline. (*See* Letter Returning Discovery Material, ECF No. 28.) Thus, the fact that Plaintiff received discovery materials outside the time period allotted for discovery does not justify the late filing of his motion for summary judgment.

In summary, the Court agrees with the conclusions of the magistrate judge that Defendant's motion for summary judgment should be granted, and Plaintiff's motion for summary judgment should be denied. Thus, Plaintiff's objections will be overruled, for the reasons discussed herein and in the R&R.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections (ECF Nos. 43, 44) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **APPROVES** and **ADOPTS** the recommendation of the R&R (ECF No. 40).

**IT IS FURTHER ORDERED** that Defendant Gerlach's motion for summary judgment (ECF No. 20) is **GRANTED**.

Because Defendant's motion resolves all the remaining claims in this matter, a judgment will be entered that is consistent with this opinion and order.

Dated: September 14, 2015            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE